DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **DENISE M. JEROME,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Civil Action No. 2009-092 |
| **WATER SPORTS ADVENTURE RENTALS** ) | |
| **AND EQUIPMENT, INC., d/b/a/ ISLAND** ) | |
| **FLIGHT ADVENTURES,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**Attorneys:**
**A. Jeffrey Weiss, Esq.,**
St. Thomas, U.S.V.I.
   *For the Plaintiff*

**Robert L. King, Esq.,**
St. Thomas, U.S.V.I.
   *For the Defendant*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER is before the Court on Plaintiff's "Motion to Permit Witnesses to Testify Via Video Conference" (Dkt. No. 192), which Defendant Watersports Adventure Rentals and Equipment, Inc., doing business as Island Flight Adventures ("IFA") opposes (Dkt. Nos. 196, 197). For the reasons that follow, the Court will grant in part and deny in part the Motion.

In her Motion, Plaintiff requests that the Court permit her "treating physicians and healthcare professional" witnesses, as well as "one of her liability experts, [Captain] Alan Hugenot" to testify at her upcoming personal injury trial via video conference. (Dkt. No. 192 at 1-2). To justify this request, Plaintiff contends that requiring the medical witnesses to travel from California to St. Croix, United States Virgin Islands for trial would be "both impractical and

uneconomical." (*Id.* at 1). Plaintiff also asserts that Captain Hugenot will be unavailable for trial because he will be out of the country and not returning to his home in California until the day trial is set to commence. (*Id.* at 2). Alternatively, Plaintiff requests leave to take "trial depositions" of these witness and present videos of these depositions at trial. (*Id.*).[1]

IFA opposes permitting the witnesses to testify by video conference, arguing that the potential cost-savings to Plaintiff does not justify impairing IFA's ability to effectively cross-examine witnesses. (Dkt. No. 197 at 1-2). However, IFA notes that it does "not object to a video deposition, as this will afford both a savings in cost and allow the jury to view the testimony of the witness in a setting that most closely resembles that produced at trial." (*Id.* at 2).

Federal Rule of Civil Procedure 43(a) provides in pertinent part that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). The Advisory Committee Notes emphasize the importance of live testimony at trial, and explain that the requirements of Rule 43 are often satisfied when a witness cannot attend trial for unexpected reasons—generally, accident or illness—but may be able to testify from a remote place. Courts that have permitted contemporaneous video testimony have required a showing of good cause. *See El-Hadad v. United Arab Emirates*, 496 F.3d 658, 669 (D.C. Cir. 2007) (opining that a witness had to prove that he had repeatedly been denied a visa to the United States in order

---

[1] *De bene esse* depositions, sometimes referred to as "trial depositions" or "preservation depositions," are depositions that will be used to preserve testimony for trial rather than to discover information. *Coface Collections N. Am., Inc. v. Newton*, No. 11-52-LPS, 2012 U.S. Dist. LEXIS 182591, *2-3 n.1 (D. Del. Dec. 28, 2012) (citing *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 354 (D. Colo. 2001) ("[I]f a party can present the testimony of a witness only by means of a deposition, the taking of that deposition would be for a different purpose than the taking of a discovery deposition . . . .")).

to testify from Egypt); *Galloway v. Islands Mech. Contr.*, No. 2008-071, 2012 U.S. Dist. LEXIS 163858, *16-17 (D.V.I. Nov. 16, 2012) (concluding that plaintiff did not submit any evidence from a witnesses allegedly afraid to testify in person that satisfied the "good cause in compelling circumstances" standard under Rule 43).

Here, Plaintiff has failed to show good cause in compelling circumstances that would justify permitting her witnesses to testify via video conference. Plaintiff's assertions of expense and inconvenience are insufficient.

However, based on the parties' agreement, the Court will permit the parties to conduct *de bene esse* depositions of the above-referenced witnesses, and to introduce videos of such depositions at trial pursuant to Fed. R. Civ. P. 32(a) under the following conditions. First, the parties must provide the Court with a transcript of the *de bene esse* depositions on or before June 3, 2013, and indicate with particularity (citing page and line numbers) which portions of the transcript each party proposes to introduce. If either party objects to the use of portions of the opposing party's proposed testimony, such objections shall be filed with the Court on or before June 10, 2013. Each party shall file responses to the opposing party's objections on or before June 14, 2013. Following the Court's rulings on the objections, the video that will be shown at trial must be edited accordingly.

An appropriate Order accompanies this Memorandum Opinion.

Date: April 12, 2013                             _____/s/_____
                                                                                        WILMA A. LEWIS
                                                                                        District Judge