## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **DENISE M. JEROME,** )<br>)<br>**Plaintiff,** )<br>v. )<br>) <br>**WATER SPORTS ADVENTURE RENTALS** )<br>**AND EQUIPMENT, INC., d/b/a/ ISLAND** )<br>**FLIGHT ADVENTURES,** )<br>)<br>**Defendant.** )<br>_____ ) | Civil Action No. 2009-092 |

**Attorneys:**
**A. Jeffrey Weiss, Esq.,**
St. Thomas, U.S.V.I.
*For the Plaintiff*

**Robert L. King, Esq.,**
St. Thomas, U.S.V.I.
*For the Defendant*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER is before the Court on the "Motion in Limine to Exclude Undisclosed Expert Witnesses and Expert Testimony or Undisclosed Facts on which any Expert Testimony is Based" (Dkt. No. 193), filed by Defendant Watersports Adventure Rentals and Equipment, Inc., doing business as Island Flight Adventures ("IFA"). Plaintiff opposes the Motion. For the reasons that follow, the Court will grant the Motion to the extent that it seeks to exclude the testimony of James W. Allen at trial.

### I.   BACKGROUND

Plaintiff Denise Jerome initiated this action to recover damages for personal injuries allegedly sustained during a jet ski and snorkeling tour provided by IFA in the waters off of St. Croix, United States Virgin Islands on March 12, 2009.

By Order dated October 18, 2011, the Court set November 18, 2011 as the deadline by which Plaintiff's "experts shall be named and copies of their opinions as provided in Fed. R. Civ. P. 26(a)(2) shall be submitted" in this action. (Dkt. No. 75 at 4).[1] Over fourteen months later and in contravention of this Order, Plaintiff filed on January 24, 2013 a Notice of Filing Expert Report identifying, for the first time, marine consultant James W. Allen as an expert in this case and providing his expert report and curriculum vitae. (Dkt. No. 188). Plaintiff did not seek the Court's leave before this untimely filing, nor did she provide any explanation for the late filing other than the statement that the expert report was filed "in further support" of her opposition to IFA's then-pending "Motion for Partial Summary Judgment" (Dkt. No. 175) and her "claims in this litigation[.]" (Dkt. No. 188 at 1).

On February 1, 2013, IFA filed the instant Motion requesting that the Court bar Plaintiff's newly proposed expert "from testifying for any purpose in this matter" because Plaintiff neither identified the expert nor provided his report in the time established by Order of the Court. (Dkt. No. 193 at 1-2).[2] In her Opposition to the Motion, Plaintiff concedes that the

---

[1] Plaintiff's expert disclosure deadline was initially set for May 13, 2011 (Dkt. No. 33), but the Court postponed it four times at the request of the parties. By granting Plaintiff's motion to extend all discovery deadlines, the Court postponed Plaintiff's expert disclosure deadline to August 15, 2011. (Dkt. No. 38). The deadline was next moved to October 30, 2011 when the Court granted IFA's motion requesting an extension of the discovery deadlines. (Dkt. No. 44). Upon motion from both Plaintiff and IFA, the Court issued its "Fourth and Final Scheduling Order" postponing Plaintiff's expert disclosure deadline to November 1, 2011. (Dkt. No. 49). Following a motion for reconsideration and a motion for extension by IFA, the Court granted a "final extension" and set November 18, 2011 as the deadline for Plaintiff's expert disclosures. (Dkt. No. 75). No further extensions of Plaintiff's expert disclosure deadline were sought or granted.

[2] IFA also seeks the exclusion of "any other expert witnesses identified out of time," even though Plaintiff has not, to the Court's knowledge, identified any other experts in an untimely fashion. (Dkt. No. 193 at 1). As discussed *infra*, the exclusion of evidence due to untimely disclosure is a

2

disclosure was untimely but contends that: (1) a substitute expert is necessary because of the unavailability of her previously identified marine safety expert, Captain Alan Hugenot; and (2) IFA would suffer no prejudice from the untimely disclosure since IFA could depose Mr. Allen and seek a rebuttal expert if necessary before trial commences on July 22, 2013. (Dkt. No. 222 at 1-13).[3]

## II. LEGAL PRINCIPLES

Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose its expert witnesses, their opinions, and the facts upon which the opinions are based "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D); *Muhsin v. Pac. Cycle, Inc.*, No. 2010-060, 2012 U.S. Dist. LEXIS 80441, *31-32 (D.V.I. June 8, 2012); *Gautier-James v. Hovensa, L.L.C.*, No. 1:06-cv-00106, 2011 U.S. Dist. LEXIS 109756, *12 (D.V.I. Sept. 27, 2011). Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was *substantially justified or is harmless*." Fed. R. Civ. P. 37(c)(1) (emphasis added).

As this Court has previously explained:

In determining whether there was a substantial justification for the untimely disclosure and thus whether exclusion is warranted, courts in the Third Circuit must consider several factors: (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would

---

fact-sensitive inquiry. The Court, therefore, will decline to issue the blanket prohibition IFA seeks, and instead will focus on IFA's request to exclude Mr. Allen.

[3] Plaintiff filed an omnibus Opposition (Dkt. No. 222) to three motions *in limine* filed by IFA (Dkt. Nos. 193, 200, 202). The Court will address the other two motions (Dkt. Nos. 200, 202) and the remainder of Plaintiff's response in a separate Memorandum Opinion.

> disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

*Gautier-James*, 2011 U.S. Dist. LEXIS 109756 at *14 (quoting *Nicholas v. Penn. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000)); *Muhsin*, 2012 U.S. Dist. LEXIS 80441 at *32; *Fitz v. Islands Mech. Contr.*, Nos. 2008-060, 2008-110, 2013 U.S. Dist. LEXIS 47061, *17-18 (D.V.I. Apr. 1, 2013) (citation omitted).  Courts also consider the importance of the untimely evidence, but even critical evidence may be excluded when the discovery violation is flagrant. *Gautier-James*, 2011 U.S. Dist. LEXIS 109756 at *14 (citing *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997)); *Muhsin*, 2012 U.S. Dist. LEXIS 80441 at *33; *Fitz*, 2013 U.S. Dist. LEXIS 47061 at *18.

The party who fails to comply with Rule 26(a) bears the burden of demonstrating that the failure is substantially justified or harmless. *Gautier-James*, 2011 U.S. Dist. LEXIS 109756 at *17 (citing *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008)).

### III.   DISCUSSION

Plaintiff presents two reasons why the Court should accept her untimely identification of Mr. Allen and disclosure of his report. The first pertains to the "unavailability" of her other marine safety expert, Captain Hugenot. The second relates to the IFA's ability to depose Mr. Allen and obtain a rebuttal expert before trial as a cure for any potential prejudice from the late disclosure. The Court will address each of these reasons in turn.

#### A.   Unavailability

In her Opposition to IFA's Motion, Plaintiff claims that she "retained [Mr.] Allen as an additional or substitute expert" when she learned that "her maritime expert, [Captain] Hugenot, was out of the country and would be unavailable for the trial scheduled to begin on March 11,

2013[.]" (Dkt. No. 222 at 13). Inexplicably, Plaintiff provided this rationale in her Opposition filed on March 14, 2013—three full weeks *after* the Court issued its February 21, 2013 Trial Management Order continuing the trial until July 22, 2013. (Dkt. No. 209). Although Plaintiff has the burden of justifying her untimely identification of Mr. Allen, *Gautier-James*, 2011 U.S. Dist. LEXIS 109756 at *17, Plaintiff has never indicated that Captain Hugenot would be unavailable to testify at the currently-scheduled *July* trial. Captain Hugenot's alleged unavailability to testify in March has no bearing on the rescheduled trial, and it thus does not justify Plaintiff's untimely identification of Mr. Allen.[4]

Accordingly, Plaintiff has failed to demonstrate that Captain Hugenot's alleged "unavailability" for trial in March is grounds for accepting the untimely identification of Mr. Allen as a substitute or additional expert for a trial in July.[5]

---

[4] In support of the Opposition, Plaintiff's counsel also submitted his own "Affirmation" indicating that Mr. Hugenot "would be unavailable for the trial scheduled to being on March 11, 2013." (Dkt. No. 222-1 at ¶ 1). While Plaintiff provides no explanation or support for this assertion in the "Affirmation" and the Opposition, Plaintiff discussed Mr. Hugenot's availability in a previous filling. In her "Motion to Permit Witnesses to Testify Via Video Conference" filed on February 1, 2013, Plaintiff stated that Mr. Hugenot "will be out of the country and not returning to his home in the Los Angeles area until the day trial is set to begin date [sic], and therefore will not be able to be personally present in St. Croix." (Dkt. No. 192 at ¶ 6). While the Court is not convinced that such circumstances would have precluded Mr. Hugenot from testifying in person during the course of the multi-day trial then scheduled to commence on March 11, 2013, it is abundantly clear that Mr. Hugenot's alleged unavailability in March does not prevent him from testifying in St. Croix in July.

[5] Plaintiff also seeks to justify her untimely identification of Mr. Allen by claiming that Captain Hugenot was out of the country and unavailable when Plaintiff's response to IFA's "Motion for Partial Summary Judgment" (Dkt. No. 175) was due. (Dkt. No. 222 at 12). This rationale has no bearing on the need for Mr. Allen as a trial witness.

**B.     Prejudice**

Plaintiff also argues that the Court should excuse the untimely identification of Mr. Allen because IFA allegedly will not be prejudiced. Specifically, Plaintiff claims that the Court could simply amend its Scheduling Order to grant IFA an opportunity to depose Mr. Allen and obtain a rebuttal expert if necessary. (Dkt. No. 222 at 13).

In *Gautier-James*, the Court previously rejected this same argument. *Id.*, 2011 U.S. Dist. LEXIS 109756 at *28 (declining to reopen discovery and permit defendant to depose untimely identified experts even though the prejudice to defendant "could theoretically be mitigated" by doing so). As the Court noted, "[a]t some point, discovery must end so that the parties can determine the total universe of facts and evidence relevant to a case in order to prepare for trial." *Id.* (citation omitted). The Court in *Gautier-James* determined that such cutoff "should have occurred at least five and as much as seven months before" the plaintiff's untimely expert disclosure, and that as a result, exclusion was warranted under Rule 37(c)(1). *Id.* at *29.

As in *Gautier-James*, the Court will reject Plaintiff's request to reopen discovery in the instant matter. The factual universe of this case was settled by the time discovery closed and IFA filed its Motion for Summary Judgment on January 16, 2012 (Dkt. No. 104). The deadline for Plaintiff's expert disclosures had passed some two months before, and, this was after the deadline had been extended *four* times to add *five* additional months to the original schedule set by the Court. Over twelve months after the filing of IFA's Motion—and fourteen months after Plaintiff's expert disclosure deadline had passed—Plaintiff sought to introduce additional evidence by filing Mr. Allen's report on January 24, 2013. Plaintiff offers no persuasive justification for missing its already extended expert disclosure deadline by over fourteen months or for reopening discovery at this late stage.

6

The Court, therefore, concludes that IFA would be prejudiced by Plaintiff's untimely disclosure of Mr. Allen, and that interrupting the orderly progress of this case, under the circumstances here, by reopening discovery at this late stage of the litigation is not an appropriate means to cure that prejudice.

### C.     Other Factors

As discussed above, Plaintiff bears the burden of establishing that her failure to comply with the expert disclosure deadline was substantially justified or harmless, *Gautier-James*, 2011 U.S. Dist. LEXIS 109756 at *17, and neither of Plaintiff's arguments are persuasive.

The Court also notes that the remaining factors identified by the Third Circuit for consideration favor exclusion. *See id.* at *14 (quoting *Nicholas*, 227 F.3d at 148). Specifically, the Court finds that Plaintiff exhibited willfulness, at a minimum, in failing to comply with the expert witness disclosure deadline. *Id.* Plaintiff filed her Notice of Expert Report over *fourteen months* after the deadline for such disclosure had passed. Surely, Plaintiff had to have known that the time period for disclosing experts had expired. Apparently undaunted by this fact, Plaintiff filed her "Notice" without first seeking leave of Court, and without any explanation whatsoever for the tardy disclosure. In fact, Plaintiff did not even attempt to justify the late filing until *after* IFA sought to exclude Mr. Allen from testifying in this matter. Under these circumstances, the Court concludes that Plaintiff's untimely disclosure exhibited a willful failure to comply with the Court's Scheduling Order.[6]

---

[6] In her Opposition, Plaintiff also complains of various deadlines missed by IFA and extensions granted by the Court in IFA's favor in years past. (*See* Dkt. No. 222 at 3-8). These complaints ring particularly hollow because they ignore Plaintiff's own similar history of deadline noncompliance in this litigation. Moreover, the instant Opposition is not an appropriate vehicle to attempt to rehash discovery issues that were resolved years ago, or to complain about matters never timely raised.

The Court also finds that permitting Mr. Allen to testify in this matter "would disrupt the orderly and efficient trial of the case or other cases in the court[.]" *Id.* Reopening discovery at this late stage would almost certainly further delay trial, and the failure to complete the trial as scheduled could also interfere with other trials scheduled in unrelated matters.

The Court also concludes that Mr. Allen's testimony is not critical in this matter, which also militates in favor of exclusion. *Id.* Plaintiff seeks to use Mr. Allen as an "additional or substitute expert" for Captain Hugenot (Dkt. No. 222 at 8), and notes that Mr. Allen's "expert opinion essentially tracks that of [Captain] Hugenot[,]" and "does not add anything new[.]" (Dkt. No. 222-1 at 1-2). As discussed at length above, Plaintiff has failed to demonstrate that Captain Hugenot will be unavailable for trial, which diminishes the value of permitting another expert to testify and address similar issues.

Accordingly, the Court finds that these factors also favor excluding Mr. Allen's testimony from the trial of this matter.

### IV. CONCLUSION

For the reasons stated above, Plaintiff has failed to demonstrate that her untimely identification of Mr. Allen and production of his expert report were substantially justified or harmless. Consequently, pursuant to Federal Rule of Civil Procedure 37(c)(1), the Court will exclude Plaintiff from testifying at the trial of this matter.

An appropriate Order accompanies this Memorandum Opinion.

Date: April 12, 2013                                                        _____/s/_____
                                                                            WILMA A. LEWIS
                                                                            District Judge