**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **DENISE M. JEROME,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. 2009-092** |
| **WATERSPORTS ADVENTURE  RENTALS** | ) | |
| **AND EQUIPMENT, INC., d/b/a/ ISLAND** | ) | |
| **FLIGHT ADVENTURES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ——————————————————— | ) | |

**Attorneys:**
**A. Jeffrey Weiss, Esq.,**
St. Thomas, U.S.V.I.
        *For the Plaintiff*

**Robert L. King, Esq.,**
St. Thomas, U.S.V.I.
        *For the Defendant*

<u>**MEMORANDUM OPINION AND ORDER**</u>

THIS MATTER is before the Court on Plaintiff's Emergency Motion for Reconsideration and for a Protective Order (Dkt. No. 297), Defendant's Opposition (Dkt. No. 299), and Plaintiff's Reply (Dkt. No. 300). For the reasons advanced in her filings and during the emergency telephonic hearing conducted on July 1, 2013, Plaintiff requests that the Court: (1) reconsider its June 24, 2013 Order (Dkt. No. 283) permitting Defendant to take the trial deposition of Mark DeAmelia; and (2) enter a Protective Order prohibiting the deposition from going forward on July 2, 2013. (Dkt. No. 297 at 1).

As discussed below, the arguments advanced by Plaintiff seeking to disallow the deposition are wholly unpersuasive. While the Court will extend the deadline for conducting the

deposition by one day and assess the cost of the transcript against Defendant, Plaintiff's Motion will be denied in all other respects.

## I.   BACKGROUND

On Friday, June 21, 2013, Defendant filed an "Emergency Motion" (Dkt. No. 279), requesting that the Court permit Defendant to take the trial deposition of Mr. Mark DeAmelia, President of Watersports Adventure Rentals, on July 2, 2013. Defendant stated that its counsel recently learned that Mr. DeAmelia would be unable to travel to St. Croix to testify at the trial of this matter scheduled to commence on July 22, 2013, due to work-related obligations with a new job that "require him to be on assignment in the mainland United States on the dates scheduled for trial." (Dkt. No. 279-1 at 1; Dkt. No. 279 at 1). In the Motion, Defendant's counsel also represented that "[c]ounsel for plaintiff has been consulted on this issue and agrees that Mr. DeAmelia's testimony is highly relevant to this matter, and has agreed to take his trial deposition on July 2, 2013 provided leave is granted by the Court." (Dkt. No. 279 at 2). Attached to the Motion is a supporting affidavit by Donnie M. King, Esq., an associate of Defendant's counsel, which provides in pertinent part: "I have personally spoken with Plaintiff's counsel, Attorney Weiss and he has agreed to conduct the trial deposition of Mark Deamelia on July 2, 2013 at 10:00 a.m. provided leave is granted by the court." (Dkt. No. 279-1 at ¶ 5).

Upon consideration of Defendant's Emergency Motion, and in light of "counsel for Defendant's representation that Plaintiff does not oppose the Motion" (Dkt. No. 283 at 1), the Court entered an Order on Monday, June 24, 2013, granting Defendant until July 2, 2013 to conduct the trial deposition of Mr. DeAmelia.

Five days later, on Saturday June 29, 2013, Plaintiff filed the instant Emergency Motion for Reconsideration and for a Protective Order (Dkt. No. 297). Defendant filed its Opposition on

Sunday, June 30, 2013 (Dkt. No. 299), and Plaintiff filed a Reply on Monday, July 1, 2013 (Dkt. No. 300). On that same Monday afternoon, July 1, 2013, the Court conducted a telephonic hearing to address the issues raised in the filings.[1] This Memorandum Opinion and Order memorializes and discusses the Court's rulings at the July 1, 2013 hearing.

## II.   DISCUSSION

Plaintiff advances several arguments which the Court finds largely unpersuasive. Plaintiff first argues that the Court's grant of Defendant's Emergency Motion was "procedurally improper and denied plaintiff due process of law as plaintiff had the absolute right to rely on the [14-day] time limit provided in LRCi 7.1(e)(1) for submitting her response in opposition to that motion." (Dkt. No. 297 at 3). Plaintiff complains that Defendant's Motion was granted "without providing plaintiff an opportunity to respond thereto, without any notice that [the Court] was going to determine the motion, and without an order being entered which required plaintiff to submit any response to defendant's Emergency Motion in a shorter amount of time." (*Id.* at 2).

Plaintiff's argument completely ignores the fact that LRCi 7.1(e)(3) provides—in unmistakable terms—that nothing regarding the general scheduling of briefing "shall prohibit the Court from ruling without a response or reply when deemed appropriate." Thus, contrary to Plaintiff's contention, there is no "absolute right" under the Local Rules to have the opportunity to file a response. Nor is there any requirement that the Court impose an abbreviated briefing schedule or provide notice to a party that the Court intends to rule on a motion without a response. (*See* Dkt. No. 297 at 2). Here, based on Defendant's representation—both in the

---

[1] An immediate hearing was necessary because of the scheduled July 2, 2013 deposition of Mr. DeAmelia. By the time of the hearing, Mr. DeAmelia had already traveled to St. Thomas, Virgin Islands, the site of the deposition.

3

Motion itself and by attached affidavit—that the Motion was unopposed, the Court appropriately granted the Motion consistent with the Local Rules.[2]

Plaintiff next argues that Defendant's Motion contains a significant misrepresentation in that "[a]t no time . . . did [Plaintiff's counsel] agree that a trial deposition of Mr. DeAmelia would be appropriate or that plaintiff would not object thereto . . . ." (*Id.* at 3). At the telephonic hearing, counsel for the parties continued to accuse each other—unrelentingly—of misrepresenting the facts regarding Plaintiff's counsel's assent—or lack thereof—to the taking of the trial deposition of Mr. DeAmelia. In essence, the Court was presented with a he-said/he-said dispute on the eve of the deposition, with no time, under the circumstances, to schedule an in-person hearing with sworn testimony to assess the credibility of each counsel's account of the facts in question.[3] Such a circumstance could, and should, have been avoided.

As a preliminary matter, the Court is disturbed that counsel for the parties in this case apparently are unable to communicate with each other with sufficient clarity—on a subject as simple as whether counsel opposes a motion—so as to avoid a pitched battle over who is lying and who is telling the truth. Moreover, given the time-sensitive nature and the significance of the alleged misrepresentation, the fact that Plaintiff's counsel did not file his Emergency Motion identifying the alleged misrepresentation until eight days after the filing of Defendant's Motion,

---

[2] At the hearing, Plaintiff's counsel argued that the Court cannot rely on such representations of counsel without opening the "flood gates" to the filing of motions containing assertions that opposing counsel consents to the motion, which will then result in a continuous flow of motions for reconsideration by opposing counsel stating the opposite. The Court categorically rejects this argument, finding that even the *thought* of such a contention is reprehensible. The Court expects—and will continue to expect—that counsel, as officers of the Court, will make representations to the Court upon which it can rely.

[3] In addition to the urgency of the matter caused by the filing of Plaintiff's Motion on the eve of the deposition, the logistical difficulties created by the location of counsel for both parties on St. Thomas, the sister island to St. Croix, made a trip to the courthouse on short notice impractical.

4

five days after the entry of the Court's Order granting Defendant's Motion, and on the Saturday before the scheduled Tuesday deposition is difficult to comprehend, even in the face of counsel's workload. (*See id.* at 4-5).[4]

In any event, the Court need not, and will not, resolve the alleged misrepresentation issue because it finds Plaintiff's arguments against permitting the trial deposition to be unpersuasive. Plaintiff first asserts that Defendant has offered insufficient and unverifiable grounds to justify taking the trial deposition. (*Id.* at 5-6). To the contrary, in its Motion and supporting affidavit, Defendant stated that its counsel recently learned that Mr. DeAmelia would be unable to travel to St. Croix to testify at the trial of this matter due to work-related obligations that "require him to be on assignment in the mainland United States on the dates scheduled for trial." (Dkt. No. 279-1 at 1; Dkt. No. 279 at 1). Given this sworn representation to the Court regarding Mr. DeAmelia's unavailability, the ability to conduct the deposition nearly three weeks in advance of trial, and the importance of Mr. DeAmelia's testimony in this matter, the Court deems it appropriate to permit Defendant to take Mr. DeAmelia's trial deposition in this instance.[5]

---

[4] Plaintiff additionally asserts that she timely objected to the Court's ruling by filing her Emergency Motion for Reconsideration "well within" the 14-day deadline for filing motions for reconsideration under LRCi 7.3. (Dkt. No. 297 at 5). This argument misses the mark and would lead to an absurd result. Taken to its logical conclusion, Plaintiff could have filed her motion any time on or before July 8, 2013—and therefore after the July 2, 2013 deposition—and still be within the 14-day deadline for seeking reconsideration. Quite clearly, the 14-day deadline is not the operative benchmark under the circumstances here. Because Plaintiff desired the Court to reconsider—on an emergency basis—its ruling permitting Defendant to conduct a trial deposition on July 2, 2013, Plaintiff had to proceed with urgency by presenting her Emergency Motion for Reconsideration to the Court as promptly as possible.

[5] Plaintiff's challenge to the sufficiency of the reasons proffered by Defendant in its Motion and supporting affidavit rings particularly hollow given that the Court previously granted Plaintiff leave to take trial depositions of treating physicians and a liability expert. (Dkt. No. 228 at 3). In that instance, Plaintiff's counsel offered nothing more than his own assertion—with no supporting affidavit—that the proposed liability expert would be unavailable to testify at trial and that travel would be impractical and uneconomical for the treating physicians. The Court

Plaintiff also contends that a trial deposition is unnecessary as Defendant could simply compel Mr. DeAmelia to attend trial. (Dkt. No. 297 at 6). This argument improperly conflates Mr. DeAmelia with the Defendant in this matter, Watersports Adventure Rentals. Counsel for Defendant has stated that a corporate representative (other than Mr. DeAmelia) will be present at trial, and it has no means by which to compel the non-party Mr. DeAmelia to attend since he is beyond the subpoena power of the Court.

Plaintiff further argues that a trial deposition is unnecessary because Mr. DeAmelia "has no first hand or personal knowledge of the accident at issue in this case," and his previously taken discovery deposition would be admissible in his absence. (*Id.* at 6). Based on the parties' proffer of the substance of Mr. DeAmelia's testimony, the Court concludes that he is an important witness in this case who will testify to, *inter alia*, the training received by Defendant's jetski operators and other issues pertinent to Plaintiff's claim of gross negligence and Defendant's claim for limitation of liability pursuant to the Limitation of Shipowners' Liability Act, 46 U.S.C. §§ 30501-30512. The fact that Mr. DeAmelia's discovery deposition discussing these issues may be admissible at trial does not warrant preventing Defendant from taking a trial deposition to clearly present his testimony to the jury.[6]

---

granted Plaintiff's unopposed request on April 12, 2013, and now finds curious Plaintiff's current argument that Defendant has not offered sufficient support to justify taking the trial deposition of Mr. DeAmelia. Equally unpersuasive is Plaintiff's wholly unsupported speculation and accusations regarding the allegedly nefarious motives behind Mr. DeAmelia's unavailability for trial. (Dkt. No. 297 at 5).

[6] Plaintiff also repeats her constant refrain that the Court's rulings with respect to her various requests for extensions of deadlines are in some way unfair as compared with the treatment afforded to Defendant. This claim is as untrue now as it was when first uttered. As discussed in a previous Memorandum Opinion, the Court has granted both parties considerable leeway with respect to extensions sought. For example, the Court previously extended the deadlines for expert discovery four times, including in response to requests from Plaintiff. (*See e.g.*, Dkt. No. 230 at 7 n.6). Further, earlier this year, the Court granted four separate requests for extension of

Plaintiff also objects to the additional expense and inconvenience of preparing for and conducting a trial deposition, as opposed to simply cross-examining Mr. DeAmelia at trial. (Dkt. No. 297 at 3). These arguments do not fall on deaf ears, but are outweighed by Defendant's need to present important evidence at trial. To address Plaintiff's concerns, the Court will extend the deadline for conducting the deposition by one day and require Defendant to bear the cost of the transcripts.

## ORDER

**UPON CONSIDERATION** of the foregoing, the parties' written submissions, the colloquy between the Court and counsel at the telephonic hearing on July 1, 2013, and the entire record herein, it is hereby

**ORDERED** that the Plaintiff's Emergency Motion for Reconsideration and for a Protective Order (Dkt. No. 297) is **DENIED**, except to the extent stated herein; and it is further

**ORDERED** that Defendant shall depose Mark DeAmelia on or before **July 3, 2013 at 10:00 a.m.**; and it is further

**ORDERED** that Defendant shall bear the expense of obtaining the deposition transcript for both Defendant and Plaintiff and providing it to the Court on an expedited basis as provided herein; and it is further

---

time by Plaintiff to respond to Defendant's *Daubert* Motion. (*See* Dkt. Nos. 210, 217, 219, 221). Even more recently, the Court granted five separate motions by Plaintiff requesting extensions of time within which to comply with the filing deadlines contained in the Court's Trial Management Order. (*See* Dkt. Nos. 282, 291, 292, 296). Plaintiff's protestations notwithstanding, the Court has in the past and continues to consider each extension request— regardless of the movant—within the context of the circumstances surrounding the request and with an eye towards case management.

**ORDERED** that on or before **July 8, 2013**, Defendant shall file with the Court a transcript of the deposition, and each party shall submit a memorandum indicating with particularity the portions of the transcript each party proposes to introduce; and it is further

**ORDERED** that any objections to the designated portions shall be filed by each party on or before **July 10, 2013**; and it is further

**ORDERED** that responses to the objections shall be filed by each party on or before **July 11, 2013**.

**SO ORDERED.**

Date: July 3, 2013

_____/s/_____
WILMA A. LEWIS
District Judge

8